United States Bankruptcy Court
Middle District of Pennsylvania

In re:  
Jeffery C Cunningham  
Donna Mae Cunningham  
    Debtors

Case No. 21-01757-HWV  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-1          User: AutoDocke          Page 1 of 2  
Date Rcvd: Sep 10, 2021          Form ID: pdf002          Total Noticed: 28

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 12, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Jeffery C Cunningham, Donna Mae Cunningham, 58 Carlisle Road, Newville, PA 17241-9415 |
| 5429595 | + | Bureau of Account Management, 3607 Rosemont Avenue #502, Camp Hill, PA 17011-6943 |
| 5429597 | + | Commercial Acceptance, 2300 Gettysburg Road, Camp Hill, PA 17011-7303 |
| 5429598 | | Daniel Santucci, Esq., Midland Credit Management, 1 International Plz Fl 5, Philadelphia, PA 19113-1510 |
| 5429600 | + | Friendship Hose Company 1, PO Box 539, Mechanicsburg, PA 17055-0539 |
| 5429602 | + | Hayt, Hayt & Landau LLC, 2 Industrial Way West, Meridian Center 1, Eatontown, NJ 07724-2279 |
| 5429603 | | Hershey Kidney Specialists Inc, 4700 Union Deposit Road, Suite 240, Harrisburg, PA 17111-3774 |
| 5434807 | + | JPMorgan Chase Bank, N.A., s/b/m/t Chase Bank USA, N.A., c/o National Bankruptcy Services, LLC, P.O. Box 9013, Addison, Texas 75001-9013 |
| 5434086 | + | MidFirst Bank, 999 NorthWest Grand Boulevard, Oklahoma City, OK 73118-6051 |
| 5429610 | + | Midland Mtg/Midfirst, Pob 268959, Oklahoma City, OK 73126-8959 |
| 5429611 | + | Phillips & Cohen Associates LTD, 1002 Justison Street, Wilmington, DE 19801-5148 |
| 5429612 | + | Radius Global Solution, 9550 Regency Square Blvd, Jacksonville, FL 32225-8116 |
| 5429613 | | Tate & Kirlin Associates, Inc., 580 Middletown Blvd, Suite 240, Langhorne, PA 19047-1827 |

TOTAL: 13

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5430545 | | Email/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM | Sep 10 2021 18:46:00 | AmeriCredit Financial Services, Inc., dba GM Financial, P O Box 183853, Arlington, TX 76096 |
| 5432126 | | Email/PDF: AIS.cocard.ebn@americaninfosource.com | Sep 10 2021 18:46:44 | Capital One Bank (USA), N.A., by American InfoSource as agent, PO Box 71083, Charlotte, NC 28272-1083 |
| 5429596 | + | Email/PDF: AIS.cocard.ebn@americaninfosource.com | Sep 10 2021 18:46:44 | Capital One Bank Usa N, Po Box 31293, Salt Lake City, UT 84131-0293 |
| 5429599 | | Email/Text: operationsclerk@easypayfinance.com | Sep 10 2021 18:45:00 | Easypay/dvra, 3220 Executive Ridge, Vista, CA 92081 |
| 5429601 | + | Email/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM | Sep 10 2021 18:46:00 | Gm Financial, 200 Bailey Ave, Fort Worth, TX 76107-1210 |
| 5429604 | | Email/Text: JCAP_BNC_Notices@jcap.com | Sep 10 2021 18:46:00 | Jefferson Capital Syst, 16 Mcleland Rd, Saint Cloud, MN 56303 |
| 5429605 | | Email/PDF: ais.chase.ebn@americaninfosource.com | Sep 10 2021 18:46:37 | Jpmcb Card, Po Box 15369, Wilmington, DE 19850 |
| 5430719 | | Email/PDF: resurgentbknotifications@resurgent.com | Sep 10 2021 18:46:32 | LVNV Funding, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 5429606 | + | Email/PDF: resurgentbknotifications@resurgent.com | Sep 10 2021 18:46:32 | Lvnv Funding Llc, C/o Resurgent Capital Services, PO Box 10466, Greenville, SC 29603-0466 |
| 5433077 | | Email/PDF: MerrickBKNotifications@Resurgent.com | Sep 10 2021 18:46:37 | MERRICK BANK, Resurgent Capital Services, PO Box 10368, Greenville, SC 29603-0368 |

| | | | |
|---|---|---|---|
| 5429607 | + Email/PDF: MerrickBKNotifications@Resurgent.com | Sep 10 2021 18:46:38 | Merrick Bank Corp, Po Box 9201, Old Bethpage, NY 11804-9001 |
| 5429608 | + Email/Text: bankruptcydpt@mcmcg.com | Sep 10 2021 18:46:00 | Midland Credit Managem, 320 East Big Beaver, Troy, MI 48083-1238 |
| 5429609 | + Email/Text: bankruptcydpt@mcmcg.com | Sep 10 2021 18:46:00 | Midland Credit Management, 320 East Big Beaver, Troy, MI 48083-1238 |
| 5432374 | + Email/Text: bankruptcydpt@mcmcg.com | Sep 10 2021 18:46:00 | Midland Credit Management, Inc., PO Box 2037, Warren, MI 48090-2037 |
| 5431018 | Email/Text: RVSVCBICNOTICE1@state.pa.us | Sep 10 2021 18:46:00 | Pennsylvania Department of Revenue, Bankruptcy Division PO Box 280946, Harrisburg, PA 17128-0946 |

TOTAL: 15

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 12, 2021        Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 10, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jack N Zaharopoulos (Trustee) | TWecf@pamd13trustee.com |
| Joseph Quinn | on behalf of Debtor 2 Donna Mae Cunningham CourtNotices@RQPlaw.com  general@RQPlaw.com |
| Joseph Quinn | on behalf of Debtor 1 Jeffery C Cunningham CourtNotices@RQPlaw.com  general@RQPlaw.com |
| Rebecca Ann Solarz | on behalf of Creditor MIDFIRST BANK bkgroup@kmllawgroup.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 5

## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>**Jeffery C Cunningham**<br>**Donna Mae Cunningham** | CHAPTER 13<br>CASE NO.  1:21-bk-01757 |

☐ ORIGINAL PLAN
☑ 1st AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☑ Number of Motions to Avoid Liens
☐ Number of Motions to Value Collateral

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☑ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☑ Included | ☐ Not Included |

#### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1.      **PLAN FUNDING AND LENGTH OF PLAN.**

      A.      **Plan Payments From Future Income**

          1. To date, the Debtor paid $**656.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**37,392.00**, plus other payments and property stated in § 1B below:

| Start<br>mm/yy | End<br>mm/yy | Plan<br>Payment | Estimated<br>Conduit<br>Payment | Total<br>Monthly<br>Payment | Total<br>Payment<br>Over Plan<br>Tier |
|---|---|---|---|---|---|
| 09/21 | 05/26 | 656.00 | 0.00 | 656.00 | 37,392.00 |
| | | | | Total Payments: | $37,392.00 |

          2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

          3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

          4. CHECK ONE: ☑ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

      B.      **Additional Plan Funding From Liquidation of Assets/Other**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

1. The Debtor estimates that the liquidation value of this estate is $**487.50** (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. *If this line is checked, the rest of § 1.B.2 and complete § 1.B.3 if applicable*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

_____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

_____

2. **SECURED CLAIMS.**

    A.    <u>**Pre-Confirmation Distributions.**</u> *Check one.*

    ☑ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

    B.    <u>**Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.**</u> *Check one.*

    ☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

    ☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| MidFirst Bank (Claim 9) | 58 Carlisle Road Newville, PA 17241 Cumberland County | 7904 |

    C.    <u>**Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**</u>. *Check one.*

    ☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

    ☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| MidFirst Bank (Claim 9) | 58 Carlisle Road Newville, PA 17241 Cumberland County | $12,339.54 | $0.00 | $12,339.54 |

    D.    <u>**Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**</u>

    ☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

    ☑ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Americredit Financial Services, Inc. dba GM Financial (Claim 1) | 2016 Mazda CX-3 | $15,531.63 | 4.50% | $17,373.36 |

**E .** **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

**F .** **Surrender of Collateral.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

**G .** **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☐ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

☑ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | Midland Credit Management, Inc. |
|---|---|
| Lien Description<br>For judicial lien, include court and docket number | The judgment against Jeffery Cunningham in favor of Midland Credit Management, Inc. entered on April 27, 2021 at docket number MJ-09302-CV-0000034-2021 in magisterial district court MJ-09302 created an *inchoate* judicial lien against Debtors' marital real estate known as 58 Carlisle Road, Newville, PA 17241, Cumberland County |
| Description of the liened property | 58 Carlisle Road Newville, PA 17241 Cumberland County |
| Liened Asset Value | $221,700.00 |
| Sum of Senior Liens | $147,875.65 |
| Exemption Claimed | $80,546.00 |
| Amount of Lien | $1,918.56 |
| Amount Avoided | $1,918.56 |

**3.** **PRIORITY CLAIMS.**

**A.** **Administrative Claims**

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

a. In addition to the retainer of $**684.00** already paid by the Debtor, the amount of $**3,316.00** in the plan.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

    b.    $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

    3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
        *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

**B.   Priority Claims (including, certain Domestic Support Obligations)**

Allowed unsecured claims, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Pennsylvania Department of Revenue (Claim 4) | $124.97 |

**C.   Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4.    UNSECURED CLAIMS**

    **A.   Claims of Unsecured Nonpriority Creditors Specially Classified.**
        *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    **B.   Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

**6.    VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    ☑ plan confirmation.
    ☐ entry of discharge.
    ☐ closing of case.

**7.    DISCHARGE: (Check one)**

    ☑ The debtor will seek a discharge pursuant to § 1328(a).
    ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8.    ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations.
Level 4:     Priority claims, pro rata.
Level 5:     Secured claims, pro rata.
Level 6:     Specially classified unsecured claims.
Level 7:     Timely filed general unsecured claims.
Level 8:     Untimely filed general unsecured claims to which the Debtor has not objected.

**9.        NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated:    **September 9, 2021** _____

**/s/ Joseph Quinn** _____
**Joseph Quinn**
Attorney for Debtor

**/s/ Jeffery C Cunningham** _____
**Jeffery C Cunningham**
Debtor

**/s/ Donna Mae Cunningham** _____
**Donna Mae Cunningham**
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

5